BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
MATTHEW J. KLUGE (PA Bar No. 204285)
Assistant Chief
PETER J. ANTHONY (NY Bar No. 4940912)
Trial Attorney
Tax Division
    150 M St. NE Washington D.C. 20002
    Telephone: (202) 616-5263
    Email: peter.j.anthony@usdoj.gov
JAMES C. HUGHES (CABN 263878)
    Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2579
    Facsimile: (213) 894-6269
    E-mail: James.Hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-CR-00103-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S UNOPPOSED MOTION TO DISMISS INDICTMENT WITHOUT PREJUDICE |
| v. | |
| ROGER KEITH VER, | |
| Defendant. | |

The United States Attorney's Office for the Central District of California and the United States Department of Justice, Tax Division (collectively the "government") hereby move this Court pursuant to Federal Rule of Criminal Procedure 48(a) for an order dismissing the indictment (Doc. No. 1) without prejudice.

**Background**

On February 15, 2024, defendant Roger Keith Ver was charged by indictment with mail fraud, tax evasion, and filing a false tax

return. (Doc. No. 1). On April 26, 2024, he was arrested in Barcelona, Spain, after which the government sought his extradition. That request remains pending.

On September 23, 2025, the government and defendant, with the assistance of his counsel, entered into a Deferred Prosecution Agreement ("the Agreement"), a copy of which is attached as Exhibit 1.

As of the date of this motion, defendant has fulfilled the conditions precedent, described below, to the government's obligation to file a motion to dismiss. Defendant has signed a closing agreement with the Internal Revenue Service and paid the assessed tax, penalties, and interest.

### Defendant's Factual Admissions

In the Agreement, defendant admitted that after at least three years of acquiring and promoting bitcoins, he renounced his U.S. citizenship in March 2014.

He admitted that he owned and controlled at least 130,664.30 bitcoins worth approximately $73,694,665 at the time of his renouncement. He further admitted that because of his renouncement he was required to report all his bitcoins on his tax returns and to pay tax on the constructive sale thereof. Yet, as defendant admitted, when he filed his returns in May 2016, they did "not report ownership of all these bitcoins and did not report capital gains from the constructive sale of all of these bitcoins," causing a loss to the United States of $16,864,105.

Defendant further admitted his failure to report all of his bitcoins and to pay the necessary tax was willful.[1] And defendant agreed that he is liable for the penalty imposed by 26 U.S.C. § 6663.[2]

### Agreement Conditions

In the Agreement, defendant agreed, among other things, to sign a closing agreement with the IRS finally determining his tax liabilities for 2014 and 2017, permitting the IRS to assess and collect the total sum of no more than $49,931,911.19, and to pay all tax, penalties, and interest. If defendant fulfilled this and other conditions of the Agreement, the government agreed to move the Court to dismiss the indictment without prejudice and defendant agreed not to oppose dismissal as such.

Dismissal without prejudice allows the parties to effectuate other terms of the Agreement. Namely, during a tolling period of three years, defendant agreed to comply with the terms and conditions specified in the Agreement, such as not filing a refund claim seeking return of the monies paid pursuant to the Agreement. If defendant breaches the Agreement, the parties agreed that the government may seek to reindict defendant. The parties further agreed that, after the three-year tolling period, if there has not been a breach, the

---

[1] Willful is defined as the intentional and voluntary violation of a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). "In other words, if you know that you owe taxes and you do not pay them, you have acted willfully." *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2009).

[2] Under that statute, "[i]f any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." 26 U.S.C. § 6663(a).

3

government agrees not to prosecute defendant for any crimes related to the conduct described in the indictment.

## Discussion

Under Rule 48(a), "the government may, with leave of court, dismiss an indictment." The court's discretion in deciding whether to grant leave is narrow and it "must grant considerable deference to the prosecutor," *United States v. Gonzalez*, 58 F.3d 459, 460 (9th Cir. 1995). Indeed, "the principal purpose of the leave-of-court requirement is to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000). The court must grant the dismissal motion unless "the motion is clearly contrary to the public interest." *Id.* (cleaned up). Furthermore, "[w]here a defendant consents to the government's move to dismiss, it is not clear that the district court has any discretion to deny the government's motion." *Id.*

The Court should grant the government's motion and dismiss the indictment without prejudice. As evidenced by the Agreement, the motion is not clearly contrary to the public interest. Defendant has acknowledged his misconduct and has paid the IRS nearly $50 million in tax, interest, and penalties. While the Agreement allows the government to reindict defendant for three years, the government's ability to do so is limited to instances where defendant has breached the Agreement.

//

//

4

For these reasons, the Court should grant the motion and dismiss the indictment without prejudice.

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF DEPUTY ATTORNEY GENERAL
KETAN D. BHIRUD
Associate Deputy Attorney General


UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
BILAL A. ESSAYLI
Acting United States Attorney


/s/ signature                                    10/14/2025
_____                  _____
MATTHEW J. KLUGE                                 Date
PETER J. ANTHONY
JAMES C. HUGHES
Attorneys for the United States