# EXHIBIT 1

```
BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
MATTHEW J. KLUGE (PA Bar No. 204285)
Assistant Chief
PETER J. ANTHONY (NY Bar No. 4940912)
Trial Attorney
Tax Division
     150 M St. NE Washington D.C. 20002
     Telephone: (202) 616-5263
     Email: peter.j.anthony@usdoj.gov
JAMES C. HUGHES (CABN 263878)
     Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2579
     Facsimile: (213) 894-6269
     E-mail: James.Hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-CR-00103-MWF |
|---|---|
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT |
| v. | |
| ROGER KEITH VER, | |
| Defendant. | |

The United States Attorney's Office for the Central District of California and the United States Department of Justice, Tax Division (collectively the "government") and defendant Roger Keith Ver ("defendant"), by and through attorneys Christopher M. Kise, Jeffrey A. Neiman, Nina Marino, Bryan C. Skarlatos, Edward C. O'Callaghan, and Samson A. Enzer, hereby enter into this Deferred Prosecution

Agreement (the "Agreement"). Under this Agreement, the parties hereby agree to the following:

INTRODUCTION

1. Defendant was charged by indictment on February 15, 2024, in the Central District of California with three counts of mail fraud, in violation of 18 U.S.C. § 1341; two counts of tax evasion, in violation of 26 U.S.C. § 7201; and three counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). (Doc. No. 1).

2. After a thorough consideration of all of the facts, it has been determined that the interests of the government and defendant are best served by deferral of prosecution of this case.

3. Defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

4. The government agrees to defer prosecution of defendant on the indictment for a period of one month following the execution of this Agreement for the purpose of allowing defendant to fulfill the below conditions.

5. Defendant agrees to abide by the conditions and requirements of this Agreement set out below.

6. At the end of the deferral period, if defendant has fulfilled all the terms and conditions of this Agreement, the government will move the Court to dismiss the indictment against

defendant without prejudice. During the pendency of the three-year tolling period, as defined below, defendant will not be prosecuted for any crimes related to the conduct described in the indictment (Doc. No. 1) or in paragraph 1 above so long as there is no breach, as defined below, of this Agreement. At the end of the tolling period and if defendant has fulfilled all the terms and conditions of the Agreement, the government shall not prosecute defendant for any crimes related to the conduct described in the indictment (Doc. No. 1) or in paragraph 1 above.

7. Defendant understands that when the government files a motion to dismiss without prejudice pursuant to this Agreement, this Agreement will be attached as an exhibit to that motion.

## CONDITIONS

8. Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking violations).

9. Defendant shall sign a closing agreement with the Internal Revenue Service ("IRS") finally determining defendant's tax liabilities for 2014 and 2017, and permitting the IRS to assess and collect the total sum of no more than $49,931,911.19. This amount includes the tax liability (described below), the civil penalty, and statutory interest on that tax liability and civil penalty computed to October 24, 2025. The defendant agrees that if he does not pay on or before October 24, 2025, the IRS may assess additional statutory interest on the tax liability and the civil penalty through the date of payment.

10. Defendant shall pay all tax, penalties, and interest pursuant to this closing agreement contemporaneously with the signing of the closing agreement.

11. Defendant waives the right to file any claim for refund of taxes, penalties, or interest for amounts to be paid pursuant to this closing agreement.

12. Defendant agrees to withdraw his pending Claim for Refund and Request for Abatement (Form 843) for additions to tax for 2014 dated August 26, 2016, contemporaneously with the signing of the closing agreement.

13. Defendant agrees that the amounts paid pursuant to the closing agreement shall be treated as non-tax-deductible amounts for all tax purposes under United States law. Defendant agrees not to claim, assert, or apply for, a tax deduction, tax credit, or any other offset with regard to any United States federal, state, or local tax, for any portion of the amounts paid pursuant to the closing agreement.

14. Defendant agrees to not oppose the motion to dismiss without prejudice, nor move or argue for dismissal with prejudice.

## ADMISSIONS BY DEFENDANT

15. Defendant admits to the facts set forth below. Defendant agrees that these admissions may be used against him in any proceeding for any purpose, including as admissions in the event that the government subsequently determines that he has breached this Agreement and resumes prosecution of him for the charges in the indictment. Defendant agrees to waive any claim under the United States Constitution, Federal Rule of Criminal Procedure 11(f),

Federal Rule of Evidence 410, and any other federal rule, that the admissions in this Agreement, or any evidence derived therefrom, cannot be used against him.

     a.    Defendant began acquiring bitcoins no later than April 2011. He also avidly promoted bitcoins and obtained the moniker "Bitcoin Jesus."

     b.    In March 2014, he renounced his U.S. citizenship after obtaining citizenship in St. Kitts and Nevis.

     c.    Following his renunciation, and due to his net worth, he was required to file an Initial and Annual Expatriation Statement (Form 8854) and to pay a tax on the constructive sale of his world-wide assets as of the day before his expatriation date—March 2, 2014.

     d.    Defendant admits that as of March 2, 2014, he owned and controlled at least 130,664.30 bitcoins. As of this date, bitcoins were trading on various exchanges at approximately $564 per bitcoin. He admits that his bitcoins were therefore worth approximately $73,694,665. Defendant admits that the basis of these bitcoins was no more than $3,000,000.

     e.    Defendant admits that his bitcoins were an asset that he was required to report on a Form 8854 and to pay tax on the constructive sale thereof.

     f.    Defendant filed with the Internal Revenue Service a 2014 U.S. Nonresident Alien Income Tax Return (Form 1040NR) and Form 8854 on or about May 4, 2016. On those forms, defendant did not report ownership of all of these bitcoins and did not report capital gains from the constructive sale of all of these bitcoins.

      g.    Defendant's failure to report capital gains from the constructive sale of all these bitcoins caused a tax loss for 2014 of $16,864,105.

      h.    Defendant admits that the understatement of tax on his 2014 tax return caused by his failure to report ownership of all his bitcoins was willful. Defendant further admits, therefore, that he is liable for the civil penalty imposed by Title 26, United States Code, Section 6663, on the understatement of tax liability for 2014. The civil penalty is $12,648,078.75.

      i.    Defendant admits that statutory interest on the tax liability and civil penalty is $20,076,212.50 as of September 18, 2025.

## OTHER TERMS OF THE AGREEMENT

16. The parties understand that this Agreement reflects the unique facts and circumstances of this case and is not intended as precedent for other cases.

17. Defendant agrees that neither he, nor any of his agents, will make any public statements contradicting any of the admissions he has made as part of this Agreement.

18. Defendant agrees to cooperate with the Internal Revenue Service in the preparation of the closing agreement for 2014 and 2017 described in paragraph 9, including, but not limited to, providing to the IRS original records or copies thereof, and any additional books and records that the IRS may request.

19. Defendant also agrees, if necessary for the finalization of the closing agreement described in paragraph 9 above, to not object to a motion brought by the government for the entry of an order

authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). In addition, defendant agrees to not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the IRS if necessary for the finalization of the closing agreement described in paragraph 9 above.

## TOLLING

20. The parties hereby agree and stipulate that the time period beginning on the date the closing agreement is fully executed, through three years thereafter (the "Tolling Period"), shall be excluded from any calculation of time for the purposes of: (a) applying any applicable federal statutes of limitations for the offenses described in paragraph 1 or the indictment, and (b) any constitutional, statutory, or common law defense, claim, or argument relating to preindictment delay.

21. Having been fully advised by his attorneys of the potential consequences of this Agreement, and his rights under the Fifth and Sixth Amendment of the United States Constitution, the federal statute of limitations, and Rule 48(b) of the Federal Rules of Criminal Procedure, defendant expressly waives any right that he may have to raise any defenses, claims, or arguments (including a motion to dismiss for a violation of any statute of limitations) based in whole or in part on the failure of a federal grand jury to return an indictment during the Tolling Period charging any of the offenses

described in paragraph 1 or the indictment. Nothing in this Agreement shall be construed to permit the indictment or prosecution of defendant for any offense as to which the applicable statute of limitations has otherwise run.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time within the Tolling Period, knowingly violates or fails to perform any of defendant's obligations or fails to satisfy any of the conditions or terms of this Agreement ("a breach"), the government may declare this agreement breached. All of defendant's obligations and all of the conditions, including those set forth in paragraphs 8-15, and 17-21, are material. A single breach of this agreement is sufficient for the government to declare a breach.

23. During the Tolling Period, absent a breach, the government shall not seek to bring charges against defendant for the offenses described in paragraph 1 or the indictment.

24. In the event of a breach, the government shall provide defendant with written notice of the conduct constituting a breach through counsel reflected in this Agreement. Within forty-eight hours of such notice, defendant may take action to remediate the breach. In the event of a breach, the government may seek to bring charges against defendant for the offenses described in paragraph 1 or the indictment. The government may take into consideration defendant's remedial actions in determining whether to do so.

25. Determination of whether defendant has breached this Agreement and whether defendant's remedial actions have cured this breach shall be within the sole discretion of the government.

Defendant shall not be deemed to have cured a breach without the express agreement of the government in writing.

26. At the end of the Tolling Period and if there has not been a breach for which the government has provided notice thereof as described above, the government shall provide defendant with written notice through counsel as reflected in this Agreement that no breach of this Agreement has occurred during the Tolling Period.

27. After the expiration of the Tolling Period and if there has not been a breach for which the government has provided notice thereof as described above, the government shall not criminally prosecute defendant for any crimes related to the conduct described in the indictment (Doc. No. 1) or in paragraph 1 of this Agreement. This Agreement does not provide any protection against prosecution for any crimes except as set forth in this paragraph.

## EFFECTIVE DATE OF AGREEMENT

28. The parties agree that this Agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an authorized attorney for the United States.

//
//
//
//
//
//
//
//

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the government and defendant or defendant's attorneys, and that no additional promise, understanding, or agreement may be entered into unless in writing signed by all parties or on the record in court.

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF DEPUTY ATTORNEY GENERAL
KETAN BHIRUD
Associate Deputy Attorney General


UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
BILAL A. ESSAYLI
Acting United States Attorney

_____     Sept. 23, 2025_____
MATTHEW J. KLUGE                    Date
PETER J. ANTHONY
JAMES C. HUGHES
Attorneys for the United States


_____     September 23rd, 2025
ROGER KEITH VER                     Date


_____     23 SEPT 2025
CHRISTOPHER M. KISE                 Date
JEFFREY A. NEIMAN
NINA MARINO
BRYAN C. SKARLATOS
EDWARD C. O'CALLAGHAN
SAMSON A. ENZER
Attorneys for Roger Keith Ver

10

## CERTIFICATION OF DEFENDANT

I, ROGER KEITH VER, assert and certify that I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this Agreement, and I voluntarily agree to those terms.

I understand that those terms include a waiver of the statute of limitations for three years after the execution of the closing agreement with the IRS. I also understand that if I breach this Agreement during those three years, the government may bring against me the same charges that were in the indictment that was dismissed without prejudice.

I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the United States Attorney for the Central District of California to defer any prosecution of me for violations of Title 18, United States Code, Section 1341, and Title 26, United States Code, Sections 7201 and 7206(1) for the period of one month, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary

delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorneys in this matter.

_Roger Ver_            **September 23rd, 2025**
ROGER KEITH VER            Date